**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

Civ. A. No. 79–0072(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 20, 1980.

S. D. Roberts Moore, Roanoke, Va., for plaintiff.

Daniel S. Brown, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This is an action by an excess insurer, St. Paul Fire and Marine Insurance Company, against the primary insurer, Insurance Company of North America (INA), to recover $149,363.83 which St. Paul paid out in accordance with identical homeowners policies issued to Mr. and Mrs. Robert H. Haskell, III and Mr. and Mrs. George H. Harris, Jr. respectively, when Mr. Haskell and Mr. Harris became liable for $249,363.83 for negligently caused property damage, and INA denied that it had more than $100,-000.00 coverage. Plaintiff is a Minnesota corporation with its principal place of business in that state and defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. Jurisdiction is predicated upon diversity of citizenship and more than $10,000.00 in controversy exclusive of interest and costs. Title 28 U.S.C. § 1332. The parties have agreed that there are no material questions of fact and have submitted the case to the court for resolution after application of the admitted facts to two policies of insurance which INA issued to the insureds.

On June 6, 1977, Mr. and Mrs. Robert H. Haskell, III, and Mr. and Mrs. George H. Harris, residents of Martinsville, Virginia, took title to 80 or 90 acres of land located in Patrick County, Virginia. On the land was a four–room house dating to 1860 with five outbuildings. At the time of purchase, the house was secure and equipped with electricity, although it had not been occupied for approximately two years. It was purchased with a view to using it as a weekend and vacation residence for both families. As of April 1, 1978, the road on the property was improved, the interior of the house was substantially cleaned, plumbing was completed, a bath and hot water heater were put in, kitchen carpentry work was finished, the house was furnished with cots, chairs, tables, and cooking utensils, and both Mr. Haskell and Mr. Harris had spent one or more nights in the residence and had taken their families up for the day from time to time. On April 1, 1978, Mr. Haskell and Mr. Harris visited the property for the purpose of making additional improvements. It was determined that one of the outbuildings needed to be removed. To effect its removal the building was burned. The fire spread to the property of adjoining landowners, however, causing $249,363.83 in damages.

At the time of the fire, Mr. Haskell and Mr. Harris each had excess coverage with St. Paul's for liability above $100,000.00, INA had issued homeowners liability policies to Mr. and Mrs. Haskell and to Mr. and Mrs. Harris respectively, which were identical except as to the limits of coverage and INA had issued a liability policy to them jointly covering the Patrick County property with a $100,000.00 limit of liability. INA has paid its limit of liability under the joint policy. It has denied coverage under the two homeowners policies, however. Although St. Paul maintains that INA is liable pursuant to its two homeowners policies for the $149,363.83 balance of the insureds' liability, in order to conclude settlement of the outstanding claims against its insureds, St. Paul paid the balance, reserving by

agreement of the parties the right to contend that it is entitled to full and complete reimbursement and indemnification from INA.

The two homeowners policies in question contain the following general coverage provision:

> This Company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which the insurance applies, caused by an occurrence.

In the policies under the heading "exclusions" is the following:

> [This policy does not apply] to bodily injury or property damage arising out of any premises, other than an insured premises, owned, rented or controlled by any insured . . . .

St. Paul contends that INA is liable under the general coverage provision and that the exclusion set forth is inapplicable because the property damage did not *arise out of the premises* within the purview of that exclusion. The court does not find that argument to be persuasive, and it is accordingly rejected.

St. Paul argues that the phrase "arising out of" is ambiguous and susceptible to a reasonable interpretation providing coverage and that in accordance with Virginia's rules governing the interpretation of insurance contracts "[w]here two interpretations equally fair may be made, the one which permits a greater indemnity will prevail . . . ." *See Central Surety Insurance Co. v. Elder*, 204 Va. 192, 197, 129 S.E.2d 651, 654, 655 (1963). The following argument is, in turn, made in favor of an interpretation providing coverage:

> The liability of Harris and Haskell did not "arise out of" the Patrick County premises but instead arose specifically from their negligent act in setting fire to one of the buildings.

> It was the acts of Harris and Haskell in setting fire to one of the outbuildings and their acts in failing to control the fire after it was set which gave rise to the property damage which created their lia-

bility. The Patrick County premises merely acted as the conduit through which the negligent acts of Harris and Haskell were carried onto the property of adjoining landowners so as to cause damage.

INA's policy issued to Harris and Haskell individually provided personal liability coverage to them for their negligent acts up to the limits of their policies no matter where the negligent acts occur so long as said acts did not relate to the ownership, maintenance or use of any aircraft, motor craft, or motor vehicle. INA's exclusion from coverage of liability arising out of any premises, other than an insured premise, is intended to cover liability which may be imposed upon the insured because of a condition of premises for which no premium was paid. For example, if a person had fallen over a post or some part of the buildings at the Patrick County property, it is clear that the only insurance protection available to Harris and Haskell from INA would flow from the policy on the Patrick County property. The individual policies issued to them would not apply because INA's exclusion would indeed be applicable.

However, in this case the liability of Harris and Haskell did not arise out of any condition of the Patrick County premises but instead arose from their actions in setting fire to an outbuilding and failing to control the fire after it had been set.

The court finds St. Paul's arguments to be without merit for two reasons. First, the phrase "arising out of' is not ambiguous; it has a well–defined meaning which is broad enough to include the incident which gave rise to the insureds' liability. " 'Arising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of,' or 'flowing from,' or in short, 'incident to or having connection with' . . . ." *Red Ball Motor Freight v. Employers Mutual Liability Insurance Co.*, 189 F.2d 374, 378 (5th Cir. 1951); *Blue Bird Body Co. v. Ryder Truck Rentals*, 583 F.2d 717, 726 (5th

Cir. 1978); *National Farmers Union Property & Casualty Co. v. Western Casualty & Surety Co.*, 577 P.2d 961, 963 (Utah 1978). Without defining its outer perimeter, the phrase is certainly broad enough to encompass a fire which spreads from a building on the premises to adjoining land. Accordingly, the insureds' liability *arose out of* their Patrick County premises. Second, the court finds St. Paul's suggested interpretation of the phrase "arising out of" to be unreasonable. St. Paul argues that it was the insureds' negligence which led to their liability and not some condition of the premises. Obviously, except in cases of strict liability, liability has to be predicated upon a violation of a duty or standard of care. St. Paul must mean, therefore, that a condition of the premises which has resulted from negligence must form the basis of the insureds' liability for the exclusion to apply. That interpretation, however, reads a term into the exclusion not put there by the insurer. Had INA intended to exclude only bodily injury or property damage resulting from a *condition* of the premises, it could have so stated. Instead, INA used the more encompassing phrase—"arising out of," and the court is constrained to give the phrase its established meaning.

St. Paul cites several cases which, while not on point, tend to support the argument that there must be *some* causal relationship between the premises and the negligence giving rise to liability. These cases reason that negligence giving rise to liability cannot be said to arise out of the premises simply because it occurs there if the negligent activity or conduct bears no real relationship to those premises. *See generally, Duggan v. Travelers Indemnity Co.*, 383 F.2d 871 (1st Cir. 1967); *Jackson v. Lajaunie*, 270 So.2d 859 (La.1973); *Lanoue v. Fireman's Fund American Insurance Companies*, 278 N.W.2d 49 (Minn.1979). *See also, Vanguard Insurance Co. v. Cantrell*, 18 Ariz.App. 486, 503 P.2d 962 (1973). Even under the reasoning of these cases, however, St. Paul cannot prevail. Contrary to St. Paul's major premise, the facts of the present case do establish a causal nexus between the premises and the insureds'

negligence giving rise to liability. There would have been no fire but for the building which the insureds desired to remove. Accordingly, the insureds' liability resulting from the fire arose out of their Patrick County premises.

In a somewhat analogous case the Utah Supreme Court had occasion to consider the import of an exclusion identical to the one in issue. In *National Farmers Union Property & Casualty Co. v. Western Casualty & Surety Co., supra*, a sheriff's mounted posse was drilling on horseback on its drill grounds. The grounds were enclosed by a fence but a gate was left open, and a horse escaped and ran into a road where it was struck by a motorist causing the motorist to sustain personal injuries. The insurance carrier for the sheriff's mounted posse settled the case and then sought contribution from the homeowners insurer for the captain of the posse whose duty it had been to see that the gate was shut. The plaintiff sought to avoid application of an exclusion identical to the one involved in this case, arguing that "the incident–the horse–automobile collision–did not arise out of any premises, but occurred strictly by the negligent manner in which [the captain] controlled the posse." *Id.* 962. In rejecting the plaintiff's argument, the court noted the broad definition of "arising out of":

> The term "arising out of" is ordinarily understood to mean originating from, incident to, or connected with the item in question.
>
> . . . As used in a liability insurance policy, the words "arising out of" are very broad, general and comprehensive. They are commonly understood to mean originating from, growing out of, or flowing from, and require only that there be some causal relationship between the injury and the risk for which coverage is provided.

*Id.* at 963. The court then reasoned as follows:

> The active force leading to injury in plaintiff's complaint was an escaping horse. The term "escape" connotes a removal from a geographical location

caused by a loss of control by the one responsible for confinement. To confine the animal to the drill field, there was an enclosure around the uninsured premises. [The captain's] alleged negligence was his failure to close the gate and thus prevent the escape. The alleged acts arose from, originated, and were connected with the uninsured premises, and the exclusion of the homeowners policy was applicable.

*Id.* at 964. Likewise, the exclusion in the homeowners policy in question is applicable and, therefore, recovery precluded.[1]

Judgment for defendant.

---

1. St. Paul also briefly argues that INA is liable under the following supplementary coverage which is found in the two policies in question:

   *Construction of New Residence*: Such insurance as is afforded under Personal Liability applies to bodily injuries and property damage arising out of any vacant land owned by or rented to any insured on which a one, two, three, or four family dwelling is being constructed for use by any insured as a residence

   ... exclusion A.5 [the exclusion in question in this case] does not apply to this supplementary coverage.

   The court finds that argument to be without merit. Clearly, that provision does not afford coverage. First, the insureds were not constructing a new residence but remodeling an old one. Second, the insureds' liability did not arise out of *vacant land*. Accordingly, that argument is rejected.