MICHAEL J. McNULTY, Judge Pro Tern.
This is a suit for damages resulting from the loss of trees situated along a 50 foot access road some 1,460 feet in length owned by plaintiff, Clarence G. Brodhead (Brodhead). Defendant, Robert Pearce Scott (Scott) owned the land on either side of the tree-lined strip situated in rural Rap-ides Parish. On October 20, 1979 defendant Scott caused the uprooting and clearing of all trees from the 50 foot strip as well as from his adjoining properties.
Plaintiff filed suit against Scott on September 30, 1980, and subsequently by amendment named Independent Fire Insurance Company (Independent) as a defendant on November 19th, 1982. Independent had in effect at the time of the clearing, a homeowner’s policy on the residence of defendant Scott’s mother situated in Alexandria, Louisiana. That policy provided personal liability coverage for the defendant who lived with his mother in the residence.
The case was tried before a jury and a verdict in favor of plaintiff Brodhead was rendered in the amount of $15,000.00. The jury also found that the defendant’s actions in clearing the strip were not willful and wanton.
Pursuant to Reasons for Judgment rendered by the trial court (hereinafter reproduced), a formal judgment was rendered against third party defendant Independent decreeing that the policy issued to defendant’s mother did indeed provide coverage to the defendant for the losses incurred. In addition to costs and expert witness fees, the Court below rendered judgment in favor of Scott and against Independent in the amount of $5,000.00 for its failure to defend Scott at the trial level.
Defendants Scott and Independent assign four errors in the Court below:
(1) The jury erred in finding that the plaintiff proved his boundaries and consequent ownership of the destroyed trees.
(2) The jury erred in awarding the value of the destroyed trees.
(3) The trial court erred in finding coverage in favor of Scott under Independent’s policy.
(4) The trial court erred in holding that Independent had a duty to defend Scott.
Plaintiff, in answer to the appeal, requests an increase in the jury award and defendant Scott seeks an additional $2,500.00 against defendant Independent to cover additional attorney fees incurred in this appeal.
With regard to the question of coverage under Independent’s policy and the award of attorney fees in favor of Scott, we find that the trial judge’s succinct and cogent reasons are correct, factually and legally, and we adopt those reasons for judgment as our opinion in this case. We set forth those reasons in full as follows:
“REASONS FOR JUDGMENT
Plaintiff and defendant both allege that Independent Fire Insurance Company’s homeowner’s policy provided coverage to Scott for his action in destroying property belonging to plaintiff.
The question of liability and damages was determined by a jury trial. At the trial the jury found that Mr. Scott had destroyed property belonging to plaintiff and that plaintiff had suffered damages in the amount of $15,000.00. The jury further found that Scott had not acted willfully and wantonly.
*1083 Independent Fire argues that its policy excludes coverage under three separate and distinct exclusions.
I.
THIS POLICY DOES NOT APPLY: (d) TO BODILY INJURY OF [sic] PROPERTY DAMAGE ARISING OUT OF BUSINESS PURSUITS OF ANY INSURED.
Mr. Scott was the owner of property lying on each side of a fifty foot wide strip leading to the Brodhead property. Scott was renting the property [prior] to the clearing operation, and was clearing additional property to lease.
While Mr. Scott was undoubtedly clearing the land for a monetary return the Court is not of the opinion that he was engaged in the business of farming or of clearing. Mr. Scott did not live on the property and was not a farmer by occupation. Mr. Scott did not own or operate other farms but simply leased this one tract. The “business pursuit” exclusion does not apply in this case.
II.
THIS POLICY DOES NOT APPLY: (e) TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT [OF] ANY PREMISES OTHER THAN THE INSURED PREMISES, OWNED, RENTED OR CONTROLLED BY ANY INSURED.
As the property on which the property damage occurred was not an additional residence or business, the Court is of the opinion that this exclusion does not apply-
III.
THIS POLICY DOES NOT APPLY: (f) TO BODILY INJURY OF [sic] PROPERTY DAMAGE WHICH IS EITHER EXPECTED OR INTENDED FROM THE VIEW POINT OF THE INSURED.
It is true that Mr. Scott intended to destroy trees. However, Mr. Scott stat-
ed that at the time he had the trees destroyed he was under the impression that they belonged to him. The jury in determining the value of the trees found that there was no “wanton or willful” destruction and the plaintiff was denied damages for mental anguish. While Scott may have been negligent he did not expect or intend to damage property which he knew belonged to Brodhead. The Court cannot, under the evidence, conclude that Scott committed an intentional tort sufficient to activate the exclusion clause.
Independent Fire claims that it had no duty to defend the suit against its insured because of the allegations contained in plaintiff’s petition.
An insurer’s duty to defend its insured is determined in large part by the allegations contained in the plaintiff’s petition. Thomas v. Appalachain Insurance Co., 335 So.2d 789 [ (La.App.1976) ]. The exception to this rule, also stated in Thomas, is that the petition must unambiguously exclude coverage. There is also the general rule that the obligation to defend is much broader than liability.
In the instant case while plaintiff alleged certain facts, [which] if true, would have excluded coverage, it certainly cannot be said that the petition unambiguously excludes coverage.
For the reasons herein assigned judgment will be rendered in favor of plaintiff and against defendant Independent Fire Insurance Company for the full amount of the damages found by the jury. Judgment is also rendered in favor of Scott and against Independent Fire Insurance Company for breach of contract on its failure to defend in the sum of $5,000.00 together with all costs.”
A careful review of the transcript and the exhibits furnished to the jury reveal that the evidence is sufficient for the jury to conclude for purposes of its award, the location of the trees which plaintiff lost and adequate boundaries of plaintiff's *1084 property to make that determination. Plaintiff’s Exhibit 13 clearly establishes the location of the 50 foot strip and the photographs depict trees equivalent to those on the strip. There were clearly sufficient facts testified to by both plaintiff, defendant and others as to the location and the size and quality of the trees upon that strip which were destroyed. We cannot say that the jury, having heard the evidence, which we have read from a cold transcript, was incorrect in arriving at its verdict. Such factual determinations should not be disturbed on appeal unless, considering all the evidence, they are clearly wrong. Tyler v. Natchitoches Coca-cola Bottling Company, 491 So.2d 358 (1986).
Apparently the verdict of the jury with respect to quantum satisfied none of the litigants. The opinions as to quantum range from that of defendant Scott that he in actuality improved the plaintiff’s property by removing the trees, to the sum of $2,500.00 per tree to be replaced or the sum of $125,000.00 as set out by plaintiff’s landscape contractor. In the median was the testimony of defendant’s landscape architect who figured $610.00 per five foot oak to be replaced with a recommendation that 50 trees be so replaced for a total of $30,-500.00. Obviously the jury found that the replacement value of the trees on the premises at the time of their detruction were of far less value than the nursery stock invi-sioned by the landscapers, and additionally, that the estimates used by the landscapers for the number of trees to be replaced, was too great.
Plaintiff, on the other hand, desires an increase in award and argues strenuously that defendant’s actions were indeed willful and wanton in spite of the jury’s findings to the contrary. Although it is clear that the testimony of plaintiff himself, if believed, would indicate that plaintiff had foreknowledge of the precise location and the fact that defendant owned the strip in question outright, there is ample evidence in the record, particularly from defendant’s own testimony that he was unaware that plaintiff had fee title to the property in question rather than a mere servitude. Taking all of the above into consideration, we find that the jury’s verdict is proper. The judgment of the trial court is therefore affirmed as hereinafter modified.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff Clarence G. Brodhead and against defendants, Robert Pearce Scott and Independent Fire Insurance Company, in the additional amount of $1,000.00 to cover this appeal. Costs of this appeal are to be borne by appellants.
AMENDED AND AS AMENDED, AFFIRMED.
ON APPLICATION FOR REHEARING PER CURIAM
In an application for rehearing, defendant-appellant, Independent Fire Insurance Company, called this Court’s attention to the award to plaintiff of attorney’s fees for appeal purposes. Our original opinion is in error in the award of $1,000 attorney’s fees to plaintiff for appellate purposes. Accordingly, we amend our original opinion, deleting the award to plaintiff of $1,000 attorney’s fees for appeal purposes; otherwise we reaffirm our original opinion.
Because we reaffirm, by this per curiam, our original judgment in all respects, save and except the deletion of the award of attorney’s fees for appeal purposes, a formal rehearing is unncecessary and same is denied.
REHEARING DENIED.