John R. MURDOCK, Plaintiff, Appellee,

v.

Thomas D. DINSMOOR, etc., et al.,
Defendants, Appellees,

Appeal of The TOWN OF GILSUM,
N.H., Defendant.

No. 89–1598.

United States Court of Appeals,
First Circuit.

Heard Nov. 6, 1989.

Decided Dec. 15, 1989.

Arnold R. Falk with whom Mary Louise Caffrey and Bell, Falk & Norton, P.A., Keene, N.H., were on brief, for appellant.

Blake M. Sutton with whom Mark L. Mallory, Manchester, N.H., and the Law Offices of Kenneth G. Bouchard, P.A. were on brief, for appellee National Grange Mut. Ins. Co.

Before BREYER, Circuit Judge,
VAN GRAAFEILAND,* Senior Circuit Judge, and SELYA, Circuit Judge.

VAN GRAAFEILAND, Circuit Judge.

The Town of Gilsum, New Hampshire, appeals from a summary judgment of the United States District Court for the District of New Hampshire (Devine, C.J.) filed on March 27, 1989. The judgment dismissed Gilsum's third-party complaint against National Grange Mutual Insurance Company on the ground that Gilsum's policy with National Grange excluded coverage for the claims made by the plaintiff, John Murdock. We affirm.

Murdock claimed that members of the Gilsum police force, including its chief, acted in concert with three private citizens to kidnap and beat him in an attempt to recover stolen marijuana. In addition to the defendants directly involved in the kidnapping, Murdock sought to hold the Town of Gilsum and three of its selectmen vicariously liable for his injuries. Murdock also alleged that Gilsum and its selectmen were negligent in the hiring, training and supervision of the policemen involved in his kidnapping.

At the time of the incident in question, Gilsum carried insurance with three companies, one of which was National Grange. One of the other companies wrote a "Law Enforcement Officers Liability Policy", and the other wrote a "Public Officials Liability

---

* Of the Second Circuit, sitting by designation.

Policy." To avoid the expense of duplicative coverage, Gilsum had a police activities exclusion clause incorporated in its policy with National Grange. This clause is encaptioned:

EXCLUSION

(All Hazards in Connection with Police Department Operations)

It provides in substance that no premium charge has been made "for hazards arising out of the operation of the insured's police department," and that in consideration of the resulting reduced premium, the policy provides no coverage for bodily injury "arising out of the legal liability of the insured resulting from the activities and operations of the Named Insured's police department and the individual policemen employed by the Named Insured." Relying on the broad scope of this exclusion, the district court held that National Grange was not required to provide Gilsum with either defense or coverage in Murdock's action. We agree.

Because Gilsum is located in New Hampshire, its claim against National Grange is governed by New Hampshire law. *See Great Lakes Container Corp. v. National Union Fire Ins. Co.*, 727 F.2d 30, 31 (1st Cir.1984). The New Hampshire courts follow the widely accepted practice of interpreting the phrase "arising out of" broadly and comprehensively. *Carter v. Bergeron*, 102 N.H. 464, 470–71, 160 A.2d 348, 353 (1960). These words ordinarily are held to mean "originating from", "growing out of", "flowing from", "incident to" or "having connection with." *See id.; Continental Casualty Co. v. City of Richmond*, 763 F.2d 1076, 1080–81 (9th Cir.1985); *Aetna Casualty & Surety Co. v. Liberty Mutual Ins. Co.*, 91 A.D.2d 317, 320–21, 459 N.Y. S.2d 158 (1983); *Blue Bird Body Co. v. Ryder Truck Rental, Inc.*, 583 F.2d 717, 726 (5th Cir.1978); *Underwriters at Lloyd's of London v. Cordova Airlines, Inc.*, 283 F.2d 659, 664 (9th Cir.1960); *St. Paul Fire & Marine Ins. Co. v. Insurance Company of North America*, 501 F.Supp. 136, 138–39 (W.D.Va.1980).

The district court correctly found no ambiguity in this well-established phrase. *See Continental Casualty, supra*, 763 F.2d at 1080; *Underwriters at Lloyd's, supra*, 283 F.2d at 665; *St. Paul Fire & Marine Ins. Co., supra*, 501 F.Supp. at 138. The court could not create an ambiguity where none existed. *See State Farm Automobile Ins. v. Cabuzzi*, 123 N.H. 451, 455, 462 A.2d 129 (1983). The exclusion clause covered not only police operations per se, but also anything incident to or having connection with such operations. Clearly, the alleged negligence of the Town selectmen in the hiring, training and supervision of its policemen had a direct connection to the manner in which the police operated. Should the Town be held vicariously liable for the acts of its policemen, the existence of a connection between the police department's operations and the Town's liability would be equally incontrovertible. Nothing that National Grange did or said warrants a different conclusion.

*Affirmed.*