**Paul C. BOWEN**

v.

**The HANOVER INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1991.

Decided Dec. 9, 1991.

Robert E. Sandy, Sherman, Sandy & Lee, Waterville, for appellant.

James D. Poliquin, Norman, Hanson & Detroy, Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Paul C. Bowen appeals a judgment entered in the Superior Court (Somerset County, *Chandler, J.*) declaring that Bowen was not entitled to coverage under his homeowners policy issued by Hanover Insurance Company for damages that occurred when Bowen's pickup truck inexplicably rolled from his yard into an adjacent street. Because we conclude that the court's finding that Bowen's truck was not "in dead storage" within the meaning of Hanover's policy is not clearly erroneous, we affirm the judgment.

I.

In August 1989, Bowen's truck rolled down the incline of his front yard into the street striking another car and injuring its passengers. The truck, a 1973 Ford, had been used in Bowen's business for a period of five or six years preceding December of 1988. By that time, the truck was rusted and suffered from a leaky exhaust and a non-functioning emergency brake. A week after the vehicle was retired, the battery was dead. On December 31, 1988 the registration for the truck expired and Bowen did not renew it.

At least five months before the accident Bowen moved the truck onto his front lawn. He placed the truck in reverse because the emergency brake was not working and the truck was parked on an incline. Bowen had no intention of using the truck again but was willing to sell or scrap it. When the fleet policy for Bowen's business was up for renewal he accordingly deleted the truck from coverage. Bowen did, however, maintain insurance on his residence under his homeowners policy.

After the truck caused the accident, Bowen claimed coverage for his liability

under his homeowners policy issued by Hanover. Hanover denied the coverage. Bowen then brought action for a declaratory judgment to determine whether he was entitled to coverage. The parties submitted the issue on a stipulation of facts. Bowen now appeals from the judgment in favor of Hanover.

## II.

Hanover's insurance policy excludes from coverage "bodily injury or property damage ... arising out of ... the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured." The policy goes on to make an exception to this exclusion for "a vehicle or conveyance not subject to motor vehicle registration which is ... in dead storage on an insured location."

Bowen argued that his truck was in "dead storage" and thus not subject to the exclusion for motor vehicles and conveyances. The court, however, found that "the fact that this vehicle was unregistered, disabled and not in use does not change the fact that this accident happened because the object was a motor vehicle and for no other reason ... Dead storage means that the vehicle is placed in some condition where it has no potential to cause harm because of its attributes as a vehicle." We agree.

Although neither party cites any clear holding on the issue before us, we agree with the analysis in *North Star Mutual Insurance Co. v. Carlson*, 442 N.W.2d 848 (Minn.Ct.App.1989). The Minnesota court recognized an analytical distinction between homeowners and automobile insurance policies similar to that relied on by the trial court in the instant case. According to the *Carlson* court, "[m]otor vehicles are inherently dangerous instrumentalities and homeowners policies generally do not contemplate coverage of injuries when the vehicle is maintained or used in one of its inherently dangerous capacities." *Id.* at 855.

The entry is:

Judgment affirmed.

All concurring.