STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 04-1382 consolidated with CW 04-646


LEONA W. REICHART

VERSUS

JOHN L. HINDES


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2001-5617
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Kevin Roy Rees**
**Attorney at Law**
**P. O. Box 1199**
**Abbeville, LA 70511-1199**
**(337) 893-4382**
**Counsel for: Plaintiff/Appellee**
**Leona W. Reichart**

**Thomas J. Eppling**
**Lance Edward Harwell**
**Staines, Eppling & Myers**
**3500 N. Causeway, Suite 820**
**Metairie, LA 70002**
**(504) 838-0019**
**Counsel for: Defendant/Appellant**
**Travelers Property Casualty**

**Boyd Allen Bryan**
**Perret Doise**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for: Defendant/Appellee**
**John L. Hindes**

**Randall M. Guidry**
**Shawn A. Carter**
**Durio, McGoffin**
**P.O. Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**Counsel for: Defendant/Appellee**
**John L. Hindes**

**EZELL, JUDGE**.

In this matter, Travelers Property and Casualty (Travelers) appeals the trial court's denial of its motion for summary judgment, claiming that no coverage was extended under its policy insuring the defendant, John Hindes. Travelers also appeals the granting of a summary judgment in favor of Mr. Hindes, awarding him damages for Travelers' refusal to defend him in the litigation at hand. For the following reasons, we affirm the decision of the trial court.

This litigation began as a suit filed by Leona Reichart against Mr. Hindes, her neighbor, and Travelers, his insurer, for damages allegedly sustained when Mr. Hindes cut down seven trees which were located on Ms. Reichart's property. Ms. Reichart also claims that Mr. Hindes dug a drainage ditch between their properties and applied weed killer to her property. Mr. Hindes alerted Travelers about the suit. However, Travelers claimed that because the actions were alleged to be intentional, there was no coverage under his policy, and refused to defend him in this suit. Mr. Hindes retained his own counsel and filed a cross-claim against Travelers for specific performance and damages suffered due to the refusal to defend him in the lawsuit.

On February 25, 2004, Travelers filed a motion for summary judgment on the issue of coverage, claiming that Mr. Hindes' actions were not an "occurrence" under the policy, and that the actions were also excluded under an intentional acts exclusion. On March 4, 2004, Mr. Hindes filed his own motion for summary judgment, seeking a defense and reimbursement for the costs of defending himself in the litigation. The trial court denied the motion for summary judgment made by Travelers and granted summary judgment in favor of Mr. Hindes, ordering Travelers to provide him with a defense and to provide coverage and indemnity if Ms. Reichart proves liability not excluded by the policy. The trial court also awarded Mr. Hindes

1

$14,961.44 for attorney's fees and costs associated with defending himself and in instituting the cross-claim. From this decision, Travelers appeals.

Our review of a trial court's grant of summary judgment is *de novo*, "viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant." *Hines v. Garrett*, 04-806, p.1 (La. 6/25/04), 876 So.2d 764, 765. Summary judgment should only be granted if "there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Hines*, 876 So.2d at 765-66 (citation omitted).

Travelers claims as its first assignment of error that the trial court erred in denying its motion for summary judgment, claiming that an "occurrence" never took place as defined under its policy. The policy provides that "If a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies, we will. . . Pay up to our limits of liability. . .[and] Provide a defense. . . ." An "occurrence" is defined by the policy as "an accident." Travelers claims that because Mr. Hindes intended to cut the trees, an accident could not have occurred, thereby preventing coverage. We disagree.

It is true that Mr. Hindes intended to destroy the trees. However, Mr. Hindes stated in his deposition that at the time he had the trees destroyed, he was under the impression that they belonged to him. Therefore, he claims he did not intend to cause damage to Ms. Reichart. In fact, he stated that he "wouldn't enter into anybody's

2

property maliciously, to move, cut, trim any trees without speaking to them." Ms. Reichart disagrees, claiming he knew the trees were on her property.

If, indeed, Mr. Hindes truly believed the trees were his, his actions would be negligent, included under the policy as an accident, and accordingly, coverage would exist. *See Brodhead v. Scott*, 497 So.2d 1081, (La.App. 3 Cir. 1986), *writ denied*, 501 So.2d 216, (La.1987). While the trial court might ultimately decide that Mr. Hindes' actions were, in fact, intentional, and that coverage is therefore excluded, clearly there is a genuine issue of material fact as to whether or not Mr. Hindes thought the trees were his at the time they were cut. The trial court was correct in denying Travelers' motion for summary judgment.

As its final assignment of error, Travelers claims that the trial court erred in granting Mr. Hindes' motion for summary judgment, ruling that Travelers had a duty to defend its insured.

> Under the terms of its protection and indemnity policy, the insurer contractually agreed to provide a legal defense for liability claims against the insured within the scope of the policy. The insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Accordingly, the insurer's obligation to defend suits against its insured is generally broader than its obligation to provide coverage for damage claims. Thus, if, assuming all of the allegations of the petition to be true, there would be both coverage under the policy and liability of the insured to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. An insured's duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy.

*Steptore v. Masco Const. Co., Inc.*, 93-2064, pp. 8-9 (La. 8/18/94), 643 So.2d 1213, 1218 (citations omitted).

The allegations of fact plead in Ms. Reichart's petition are that Mr. Hindes entered her property, cut her trees, dug a ditch partially on her property, and that he sprayed weed killer on her property. She also alleges that Travelers "provided a

3

policy of homeowners liability insurance coverage and other coverages to the defendant, Johnny L. Hindes, providing coverage for the matters and circumstances forming the basis of this lawsuit." The petition clearly alleges both the liability of Mr. Hindes and coverage under the policy. At the end of her petition, she claims that these actions were willful, intentional, and in bad faith in order for her to seek triple damages under Louisiana Revised Statutes 3:4278.1. However, this is legal conclusion rather than an allegation of fact. While Plaintiff alleged certain facts, which if proved true, could excluded coverage, it certainly cannot be said that the petition unambiguously excludes coverage. Accordingly, Travelers failed in its duty to defend Mr. Hindes. The trial court was correct in its decision to grant Mr. Hindes' summary judgment and to award him the damages he suffered in incurring his own defense in this matter.

For the above reason, the decision of the trial court is affirmed. Costs of this appeal are assessed against Travelers Property and Casualty.

**AFFIRMED.**