STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                   DOCKET NO. CV-09-291
                                              PAF   —YOR- 9/8/2010


STATE FARM FIRE AND
CASUALTY COMPANY,

                  Plaintiff

         v.                                      **ORDER**


JAMES BEAL and JANET BEAL,

         Defendants


The plaintiff seeks a declaratory judgment determining that a Manufactured Home Policy issued to Gilles and Laurie Veilleux does not provide coverage for serious bodily injuries suffered by James Beal when a 1988 Nissan pick-up truck owned by Mr. Veilleux fell from a lift in Mr. Veilleux's garage injuring Mr. Beal.

A resolution of the coverage issue requires the examination of two policy provisions, a review of the applicable legal principles and an application of the facts to those policy provisions and principles.

The policy excludes from coverage "bodily injury ... arising out of business pursuits of any insured." The term "arising out of" has been broadly construed to mean, "... originating from, growing out of, flowing from, incident to or having connection with." See *Acadia Ins. Co. v. Vermont Mutual Ins. Co.*, 2004 ME 121, ¶8 quoting *Murdock v. Dinsmoor*, 892 F.2d 7, 8 (1st Cir. 1989) and *Penn-America Insurance Co. v. Lavigne*, 1st Cir. August 24, 2010, at 10-11. While Mr. Veilleux had a separate full time job he did sell scrap metal and occasionally sold junk cars for scrap. The injury to Mr. Beal occurred while Mr. Veilleux was in the process of inspecting and scrapping the recently purchased truck. The bodily injury therefore arose out of a business pursuit.

Though it was a most modest business pursuit it was a business pursuit that is excluded from the homeowner's policy.

Coverage is also excluded for "bodily injury ... arising out of the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned or operated by ... any insured." A "motor vehicle" is "a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle."

Using the same definition of "arising out of" the bodily injury arose out of the ownership, maintenance, use or loading of a motor vehicle and cannot be characterized or arising out of the negligent design, installation or use of the lift.

The vehicle was still dangerous as it could fall or roll and could not be considered in "dead storage" when it was up on a lift subject either to maintenance or partial dismantlement in preparation for being junked. See *Bowen v. The Hanover Ins. Co.*, 599 A.2d 1150, 1 (Me. 1991).

Mr. Beal was seriously injured through no fault of his. It was agreed that his damages exceed the limits of the Veilleuxs' automobile policy, which will be available to him. Despite the seriousness of the injuries, his sympathetic case and the valiant efforts of his attorneys the manufactured housing policy just does not provide coverage. As two exclusions apply, one of which would be sufficient to preclude coverage, the entry is:

> Plaintiff's motion for summary judgment is granted. Defendants' cross motion for summary judgment is denied. It is declared that the Manufactured Home Policy issued to Gilles Veilleux and Laurie Veilleux does not provide coverage for the bodily injury suffered by James Beal at the Veilleux residence on or about January 13, 2007.

Dated:    September 8, 2010

Paul A. Fritzsche
Justice, Superior Court

2

PLAINTIFF:

JOHN WALL, ESQ.
ERICA M. JOHANSON, ESQ.
NAGHAN LEAHY
PO BOX 7046
PORTLAND ME   04112-7046

DEFENDANT:

ROGER M. CHAMPAGNE, ESQ.
LAW OFFICE OF ROGER M. CHAMPAGNE, LLC
13 CRESCENT STREET, SUITE 200
BIDDEFORD ME   04005

VISITING ATTORNEY FOR DEFENDANT:

JACQUES PARENTEAU, ESQ.
PARR & PARENTEAU, P.C.
10 TOWER OFFICE PARK, SUITE 415
WOBURN MA   01801