Richard C. SNOUFFER, Jr., Richard C. Snouffer, Sr., and Nancy Snouffer, Plaintiffs-Appellants,

v.

Charles O. WILLIAMS, Home Mutual Insurance Company, a Wisconsin corporation, Steven Snouffer and Illinois Insurance Company, an Illinois corporation, Defendants,

VIKING INSURANCE COMPANY OF WISCONSIN, a Wisconsin corporation, Defendant-Respondent.

Court of Appeals

*No. 81–850. Submitted on briefs November 2, 1981.
—Decided January 26, 1982.*
(Also reported in 316 N.W.2d 141.)

For the appellants the cause was submitted on the briefs of *William E. Appel* and *Cohen, Grant, Zuidmulder & Gazeley, Ltd.*, of Green Bay.

For the respondent the cause was submitted on the brief of *George F. Savage* and *Everson, Whitney, Everson, Brehm & Pfankuch, S.C.*, of Green Bay.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Richard Snouffer, Jr., and his parents, Richard Snouffer, Sr., and Nancy Snouffer, appeal a summary judgment dismissing their complaint against Viking Insurance Company of Wisconsin for personal injuries Richard, Jr., received while he was a passenger in a truck insured by Viking.  Richard was shot by Charles Williams, a homeowner whose property was being vandalized.  The circuit court concluded that Viking's policy did not provide coverage for Richard's injuries because the injuries were not causally related to the use of the truck.  We agree with the circuit court's conclusion.

Summary judgment shall be granted where there is no issue as to any material fact and a party is entitled to judgment as a matter of law. *See* sec. 802.08(2), Stats. Summary judgment is appropriate "where there is no factual dispute or where no competing inferences arise from undisputed facts and the law resolving the issues is clear." *Tomlin v. State Farm Mutual Automobile Liability Insurance Co.*, 95 Wis. 2d 215, 218, 290 N.W.2d 285, 287 (1980).

The facts are undisputed.  Richard and two friends were passengers in a truck owned by Richard, Sr., and driven by Steven Snouffer, Richard, Jr.'s, brother.  Steven stopped the truck in front of Williams' house.  While he

and Richard remained in the truck, the two friends left the truck and knocked over Williams' mailbox. Williams emerged from his house and, just after the two friends reentered the truck, Williams fired a pistol at the truck. The bullet passed through the truck's door and struck Richard.

Viking's policy provided that it would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile . . . ." The parties have stipulated that Richard's injuries were "caused by accident" as those terms are used in the policy. The parties also agree that for coverage to exist under the policy, Richard's injuries must have arisen out of the use, rather than the ownership or maintenance, of the insured vehicle.

We conclude that Richard's injuries did not arise out of the "use" of the truck as reasonably contemplated by the "arising out of the . . . use" clause of the policy. The words "arising out of the use" are broad, general, and comprehensive, and while they should be given a reasonably liberal construction, they are not without limitation. *Tomlin,* 95 Wis. 2d at 225, 290 N.W.2d at 290–91. For coverage to be found under the "arising out of the . . . use" clause of an automobile liability policy, there must be some causal relationship between the injury and the risk for which coverage is provided. *Lawver v. Boling,* 71 Wis. 2d 408, 415–16, 238 N.W.2d 514, 518 (1976). The injury must have some causal relationship to the inherent use of the vehicle. *Tomlin,* 95 Wis. 2d at 225, 290 N.W.2d at 291.

In discussing the degree of connection between "use" and injury necessary to find coverage under an automo-

bile liability policy, 12 Couch on Insurance 2d § 45.57 (rev. ed. 1981), states:

The use of an automobile may result in a condition which is an essential part of the factual setting which later results in harm. Such antecedent "use" of the automobile is distinct from the harm which thereafter arises from the condition created by the use of the automobile and such later harm does not arise from the "use" of the automobile and is not covered; the mere fact that the use of the vehicle preceded the harm which was later sustained is not sufficient to bring such harm within the coverage of the policy.

This rule has been applied in Wisconsin. In *Raube v. Christenson,* 270 Wis. 297, 70 N.W.2d 639 (1955), the court concluded that a county's automobile liability policy, which covered accidents arising out of the use of the county's highway machinery, did not cover injuries sustained by a motorist who failed to stop at an intersection because a county plow had covered the sign with snow. Similarly, in *Saunders v. National Dairy Products Corp.,* 39 Wis. 2d 575, 159 N.W.2d 603 (1968), the court concluded that the "use" provisions of a liability policy provided no coverage where Saunders slipped and fell on ice while unloading a truck. The court, 39 Wis. 2d at 582–83, 159 N.W.2d at 607, noted that:

[T]he presence of the tractor-trailer unit in no way contributed to the presence of the ice . . . . At the most, the insured vehicle merely provided him with the means to transport himself to . . . [the] premises, where independent forces caused him to slip and fall. Under . . . *Raube v. Christenson,* where there is no causal connection between the use and the acts causing liability, there is no coverage under the "use" clause. We think the rule [of *Raube*] is sound, because we doubt whether the parties intended coverage in such a situation. [Footnote omitted.]

Courts in other states have also applied the rule. In *Stonewall Insurance Co. v. Wolfe,* 372 So 2d 1147 (Fla.

Dist. Ct. App. 1979), a boy holding a gun fell from the back of an automobile. As he was walking back to the vehicle, he tripped and the gun discharged, injuring a passenger in the vehicle. In concluding that no causal connection existed between the use of the automobile and the injury, the court stated that "it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile . . . there must be a causal connection or relation between the two for liability to exist." *Id.*, at 1148 [citation omitted]. *Accord Cameron Mutual Insurance Co. v. Ward*, 599 S.W. 2d 13 (Mo. Ct. App. 1980); *National Family Insurance Co. v. Boyer*, 269 N.W.2d 10 (Minn. 1978). Similarly, in *Miller v. Keating*, 339 So 2d 40, 46 (La. Ct. App. 1977), the court concluded that the connection between the use of a truck to transport individuals to and from the scene of an assault was "so remote and insignificant that it cannot reasonably be said that plaintiff's injury arose out of the use of that vehicle."

Here, Steven used the insured vehicle only to transport Richard to Williams' house. Once at Williams' house, the acts of the two friends and Williams, which were wholly independent of the use of the vehicle, resulted in Richard's injuries. Based on these undisputed facts, Richard's injuries did not arise out of the use of the vehicle within the meaning of the "arising out of the . . . use" clause of the Viking policy. Summary judgment was therefore appropriate.

*By the Court.*—Judgment affirmed.