Robert C. NEWHOUSE, by his guardian ad litem, Ardell W. Skow, Charles E. Newhouse and Bonnie L. Newhouse, Plaintiffs-Appellants,

v.

LAIDIG, INC., Admiral Insurance Company, Timothy Omann, Warren Mutual Fire Insurance Company, Smalls Metal Building, Inc., and Fireman's Fund Insurance Company of Wisconsin and Floyd Omann, Defendants,

CITIZENS SECURITY MUTUAL INSURANCE COMPANY, Defendant-Respondent.†

Court of Appeals

*No. 87–1487. Submitted on briefs April 13, 1988.—Decided May 17, 1988.*

(Also reported in 426 N.W.2d 88.)

† Petition to review denied.

236

For plaintiffs-appellants, there were briefs by *Lila M. Hambleton* and *Ardell W. Skow* of *Doar, Drill & Skow, S.C.* of Baldwin.

For defendant-respondent, Citizens Security Mutual Ins. Co., there was a brief by *Kevin F. Mark* of *Holst, Vogel, Erdmann & Vogel* of Red Wing, MN.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Robert Newhouse, by his guardian ad litem, appeals a summary judgment dismissing his complaint against Citizens Security Mutual Insurance Company for personal injuries he received when he became entangled in a silo unloader. The issue is whether an exclusionary clause contained in a homeowner's policy precludes coverage for the accident. We conclude that the exclusionary clause is inapplicable and reverse.

In considering motions for summary judgment, we must first examine the pleadings and affidavits to determine whether any factual dispute exists or if conflicting inferences might be drawn from the undisputed facts. *Lawver v. Boling,* 71 Wis. 2d 408, 413, 238 N.W.2d 514, 517 (1976). Summary judgment is appropriate where there is no dispute of material fact and the law resolving the issues is clear. *Tomlin v. State Farm Mut. Auto. Liab. Ins. Co.,* 95 Wis. 2d 215, 218, 290 N.W.2d 285, 287 (1980).

The principal facts are undisputed. Robert's uncle, Timothy Omann, owned the silo where the accident occurred. Timothy rented the farm where the silo was located from his father, John Omann. At the time of the accident, Robert, age four, was in the care of Timothy and his brother, Floyd Omann, who were cleaning out moldy corn remaining in the bottom of the silo. The complaint alleges that Floyd and Timothy negligently caused Robert's injuries by leaving Robert alone in the silo with the unloader still operating.

Floyd Omann, who lived at home with his parents in Baldwin, Wisconsin, was an insured under their homeowner's policy covering their residence. Under Section II, Coverage E, of the policy, Citizens provided comprehensive personal liability protection to their insureds, obligating Citizens to pay all sums that the insureds became legally obligated to pay as damages for bodily injury or property damage, and to defend any action against them seeking such damages.

The homeowner's policy also contains the following under the heading "EXCLUSIONS."

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

....

d. arising out of any premises owned or rented to any insured which is not an insured location;

Our research reveals no Wisconsin case addressing the meaning of the phrase "arising out of any premises" under a homeowner's policy, although several cases from other jurisdictions have reached differing results on this issue. Robert's guardian cites *Lititz Mut. Ins. Co. v. Branch,* 561 S.W.2d 371 (Mo. App. 1977), in which the policy was held to provide personal liability coverage. Citizens principally relies upon *St. Paul Fire & Marine Ins. Co. v. INA,* 501 F. Supp. 136 (W.D. Va. 1980), in which the exclusion precluded personal liability coverage.

In *Lititz,* the court concluded that a dog bite by the insured's dog on a separate parcel of land owned by the insured but not covered by the homeowner's policy did not "arise out of" the premises. The court in *Lititz* held that in order to arise out of such premises, the specific tortious conduct "originates from, grows out of, or flows from" such premises. *Id.* at 373. The court reasoned that the exclusion related to conditions of the premises on which an accident or occurrence takes place but that it did not apply to insureds' tortious acts occurring on uninsured lands. As the court explained:

> The personal liability insured against is of two kinds: first, that liability which may be incurred because of the condition of the premises insured; secondly, that liability incurred by the insured personally because of his tortious personal con-

239

duct, not otherwise excluded, which may occur at any place on or off the insured premises. ... The company has not chosen to geographically limit the coverage provided for tortious personal conduct of the insured. If it had so intended, it could simply have provided that the exclusion ran to an accident "occurring on" other owned premises. There appears to be little reason to exclude personal tortious conduct occurring on owned but uninsured land, as little correlation exists between such conduct and the land itself.

*Id.* at 374.

We agree with the reasoning in *Lititz.* It makes no difference whether the insured owns the premises on which his tortious act takes place. Under the policy's terms, there is floating coverage for the insured's tortious personal acts wherever he might be. The dispositive issue therefore is whether there is some correlation between the negligence giving rise to liability and a condition of the premises. In the present case, there is no evidence that the alleged negligence in leaving Robert unattended in the silo was related to the condition of any premises as required under the exclusion. Rather, it was the alleged tortious conduct of Floyd and Timothy that caused Robert's injuries. Accordingly, the exclusion is inapplicable.

Our conclusion is consistent with Wisconsin's interpretation of a similar clause. In *Snouffer v. Williams,* 106 Wis. 2d 225, 227, 316 N.W.2d 141, 142 (Ct. App. 1982), we interpreted the "arising out of the ... use" clause of an automobile liability policy. We stated that while the words "arising out of" are broad, general, and comprehensive, and are to be given a reasonably liberal construction, they are not without

limitation. *Id.* (citing *Tomlin,* 95 Wis. 2d at 225, 290 N.W.2d at 290–91).

In *Snouffer,* several persons left their truck in front of Williams' house and were vandalizing his property. Williams emerged from the house and fired a pistol at the truck, striking one of the individuals. In holding that the injuries did not "arise out of the use" of the vehicle, we stressed that it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile. *Id.* at 229, 316 N.W.2d at 143. We concluded that there must be some causal relationship to the inherent use of the vehicle for liability to exist, citing as authority a case from the court that issued the *Lititz* opinion. *See Snouffer.*

The rationale of *Snouffer* is easily applied to the exclusionary clause of the present case.[1] The fact that an injury occurs upon certain premises does not establish a causal connection between the occurrence and the premises. The silo unloader had no more connection to the tortious act allegedly causing the injury than the use of the truck in *Snouffer.* The negligent acts attributed to Floyd Omann were entirely independent of the premises on which the injuries occurred. Therefore, coverage cannot be denied.

Citizens' reliance on *St. Paul Fire & Marine* is misplaced. In contrast to the facts in our case, the facts in *St. Paul Fire & Marine* established a causal nexus between the premises and the insureds' negli-

[1]*Snouffer* involved a coverage clause in an automobile liability policy. However, exclusionary clauses are to be given a stricter construction than the coverage clauses in automobile liability policies. *See Lawver,* 71 Wis. 2d at 423, 238 N.W.2d at 522. The objective of this approach is to provide broad coverage in both situations. *Id.*

gence giving rise to liability. *Id.* at 139. A fire that the insureds had set to remove an outbuilding on their vacation property spread to an adjoining landowner's property. The court stated that "[t]here would have been no fire but for the building which the insureds desired to remove. Accordingly, the insureds' liability resulting from the fire arose out of their [vacation] premises." *Id.*

Furthermore, we consider the interpretation of the phrase "arising out of" as stated in *St. Paul Fire & Marine* to be inconsistent with Wisconsin's policy of strictly interpreting exclusionary clauses. *See Lawver,* 71 Wis. 2d at 423, 238 N.W.2d at 522. The *St. Paul Fire & Marine* court reasoned that "[h]ad INA intended to exclude only bodily injury or property damage resulting from a *condition* of the premises, it could have so stated." *Id.* (emphasis in original). Wisconsin's standard is more consistent with the statement by the *Lititz* court that if the company had intended to geographically limit coverage for tortious personal conduct, "it could simply have provided that the exclusion ran to an accident 'occurring on' other owned premises." *Lititz,* 561 S.W.2d at 374. Public policy in Wisconsin favors finding coverage where the insurance policy terms permit it. *See Kennedy v. Washington Nat'l Ins. Co.,* 136 Wis. 2d 425, 429, 401 N.W.2d 842, 844 (Ct. App. 1986). We therefore conclude that the rationale of *Lititz* is more appropriate to the present case.

■ Having determined that the Omanns' homeowner's policy provided personal liability coverage for the insured wherever he may be, as well as coverage for specifically insured premises, it is unnecessary to decide whether the silo or the auger constituted

"premises owned [by an] insured." The judgment is reversed with directions to enter judgment determining that the homeowner's policy provides personal liability and medical payment coverage for the injuries Robert sustained as a result of Floyd Omann's alleged negligence.

*By the Court.*—Judgment reversed and cause remanded with directions.