## HANLEY IMPLEMENT CO., INC., Plaintiff-Appellant,

### v.

## RIESTERER EQUIPMENT, INC., Defendant-Respondent.

Court of Appeals

*No. 88-1661. Submitted on briefs January 25, 1989.—Decided April 11, 1989.*

(Also reported in 441 N.W.2d 304.)

Before Cane, P.J., LaRocque and Myse, JJ.

For plaintiff-appellant there was a brief submitted by *Robert Brill* and *John P. Ebben* of *Brill & Eustice, S.C.,* of Sun Prairie.

For defendant-respondent there was a brief submitted by *Richard Lubinski* of *Lubinski, Rottier & Lubinski,* of Seymour.

CANE, P.J. Hanley Implement Co., Inc., appeals a summary judgment dismissing its conversion suit against Riesterer Equipment, Inc. The suit alleged that Riesterer purchased, took possession of, and refused to return a piece of farm equipment known as a cornhead while Hanley held a security interest on the machine. Initially, Hanley had filed a financing statement to perfect its security interest in the cornhead, but allowed it to lapse after Riesterer purchased the unit. The trial court held that this lapse made the security interest subordinate to Riesterer's rights as a purchaser. Hanley contends that the lapse does not protect Riesterer. In response, Riesterer contends (1) that it acquired superior rights in the cornhead not only by the lapse, but also as a buyer in the ordinary course of business, and (2) that Hanley never established a default by the debtor. We affirm the summary judgment.

The material facts are undisputed. John Pingel purchased the cornhead machine from Hanley, who filed a financing statement on November 12, 1980, to perfect its security interest. Subsequently, Pingel defaulted on his payments for the unit. On October 6, 1983, Pingel traded the unit to Riesterer as part payment for other farm machinery. It is conceded that Riesterer did not have knowledge of Hanley's security interest at the time it received the cornhead unit. Through an unexplained error, the register of deeds office reported to Riesterer that there were no outstanding financing statements of record against Pingel for this unit.

In May, 1984, Pingel discharged in bankruptcy his indebtedness to Hanley. In June, 1984, Riesterer sold the cornhead unit to another person who is not party to these proceedings. In October, 1985, Hanley became aware that Riesterer had taken possession of the cornhead and immediately made a demand upon Ries-

terer for surrender of the machine or, in the alternative, for payment of the machine's value. Riesterer refused. Hanley's financing statement lapsed on November 12, 1985, and Hanley filed its conversion action against Riesterer on June 26, 1986.

Hanley argues that under sec. 409.503, Stats., it had an immediate right to take possession of the collateral because Pingel had defaulted. Consequently, Hanley reasons that when Riesterer refused the demand for surrender of the collateral, a conversion had occurred in October, 1985, a time when its secured interest was still perfected. Since under sec. 893.51(1), Stats., an action to recover damages for conversion of personal property must be commenced within six years after the conversion, Hanley concludes that its conversion action was timely.

These facts present purely legal issues that allow us, like the trial court, to evaluate the conversion suit on summary judgment. *See Newhouse v. Laidig, Inc.,* 145 Wis. 2d 236, 238, 426 N.W.2d 88, 89 (Ct. App. 1988). Appellate and trial courts apply the same summary judgment methodology that has been cited often and need not be repeated here. *See* sec. 802.08, Stats. The application of a statute to a particular set of facts presents a question of law that we decide without deference to the trial court. *Neis v. Board of Educ.,* 128 Wis. 2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985).

It is established law that a security interest continues in the collateral despite its sale unless the secured party authorizes the disposition. Sec. 409.306(2), Stats. If a debtor defaults, the secured party may enforce the security interest against the transferee. *Production Credit Ass'n v. Nowatzski,* 90 Wis. 2d 344, 353, 280

N.W.2d 118, 122–23 (1979). However, perfection of the security interest is usually necessary to preserve the secured party's rights against third parties. *See, e.g.,* secs. 409.302 and 409.312, Stats. The secured party may perfect a security interest by filing a financing statement with the register of deeds. Sec. 409.302(1) and 409.401(1)(a), Stats.

A secured party has a right to maintain a conversion against a transferee where the transferee either (1) refuses to give up possession of the collateral or (2) cannot return the collateral because he has made a further disposition of it. *See* Restatement (Second) of Torts, sec. 237 (1965). Normally, Hanley, a secured creditor, would be allowed to recover against Riesterer under its conversion theory because Riesterer refused Hanley's demand to return the collateral. On the other hand, opposing the apparent timeliness of the conversion action is sec. 409.403(2),[1] which provides that a filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on expiration of such five-year period unless a

---

[1]Section 409.403(2) provides:

Except as provided in sub. (6) a filed financing statement is effective for a period of 5 years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the 5-year period unless a continuation statement is filed prior to the lapse. If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of 60 days or until expiration of the 5-year period, whichever occurs later. Upon lapse the security interest becomes unperfected, unless it is perfected without filing. *If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.* (Emphasis supplied).

continuation statement is filed prior to the lapse. Upon such lapse, the security interest becomes unperfected unless it is perfected without filing.[2] If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser before the lapse.

Consequently, we must determine whether Hanley's failure to file a continuation statement bars its conversion action against Riesterer, a prelapse purchaser of the collateral. There are no Wisconsin cases discussing the effect of a lapse of perfection under sec. 409.403(2) to the timing of a conversion action. A few other jurisdictions, however, have discussed this problem. In our discussion, we will not address the effect of a prelapse purchaser's knowledge of the security interest at the time of the purchase when it is competing with a once-perfected security interest deemed unperfected under sec. 409.403(2). This discussion would be irrelevant because it is conceded that Riesterer did not have knowledge of Hanley's security interest at the time it purchased the collateral.

The California Court of Appeals in *Growth Properties v. Lempert,* 144 Cal. App. 3d 983, 193 Cal. Rptr. 102 (1983), faced a similar fact situation under an identical statute. The court concluded that upon the perfected party's failure to file a continuation statement, a prelapse purchaser of the collateral gains a superior interest and thereby defeats the conversion action.

Additionally, in *United States v. Squires,* 378 F. Supp. 798 (S.D. Iowa 1974), a federal court deliberated this same problem when discussing sec. 9–103 of the Uniform Commercial Code, our sec. 409.103(1)(d)1, a section with an analogous timing concern. This section

---

[2] Hanley's interest did not become perfected without filing.

deals with multiple state transactions. Under this section, collateral brought into this state while subject to a security interest perfected in another state remains subject to that perfection for four months. If the secured creditor does not perfect his interest in Wisconsin within that four-month period, the interest becomes unperfected "and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal." Sec. 409.103(1)(d)1, Stats.

*Squires* illustrates the operation of this section. *Id.* at 802-06. The Farmers Home Administration (FHA) made loans to a husband and wife in South Dakota. The parties entered into a security agreement covering certain property which the FHA perfected with the appropriate filing in South Dakota. The husband and wife later moved the property to Iowa where it was sold to the defendant, who then sold it within the four-month period. FHA failed to perfect its security in Iowa, but filed a conversion action against the defendant.

The court ruled that the statute of limitations did not bar FHA's conversion action, but sustained the defendant's motion for summary judgment and dismissed the complaint. FHA had contended that it was not necessary to perfect its security interest in Iowa given that the sale (conversion) occurred during a time when it still had a perfected security interest.

The court in *Squires* was therefore faced with the question: If the creditor fails to perfect the secured interest within the four-month period and some competing subordinate interest arises within that period, what is the relative priority of the competing interests. The court concluded that even though the defendant converted the property while the plaintiff still had a perfected interest, its subsequent failure to perfect its interest in Iowa defeated its right to an action for conversion.

It reasoned that sec. 9–403 of the Uniform Commercial Code, our sec. 409.403, supported by analogy the defendant's position that upon lapse of perfection a prelapse purchaser gains an interest superior to that of the secured creditor. *Squires,* 378 F. Supp. at 804–05. In essence, FHA's failure to file related back, and its out-of-state interest was deemed unperfected from the time the property was removed to Iowa. *Id.* at 803. This is in keeping with the trend that secured creditors be required to maintain some diligence in policing their debtors.

In our situation, the same puzzling question is: If the secured creditor fails to file a continuation statement within the five-year period and a person purchases that property within the same period, what is the relative priority of the competing interests. The official comments to this section are helpful by analogy. Although it refers to the junior holder of a perfected interest, the comment suggests that the statute's language means that the holder of a perfected conflicting interest takes priority even though before the lapse the conflicting interest was junior. *See* Official UCC comment 3, sec. 409.403, Wis. Stat. Ann. (West 1964). This comment adopts a relate back approach. Thus, a second lien creditor would hold a junior interest during that five-year period, but that interest would relate back or mature into one superior to the previous secured creditor's interest if the senior creditor failed to file a continuation statement.

The same "relate back" analysis applies to a person who purchased the property during the five-year period. If the secured creditor fails to file a continuation statement during the five-year period, its interest is deemed unperfected at the time of the prelapse purchase. Stated another way, when the perfection lapses, "the security interest is, with respect to the purchaser and lien creditor, the same as though perfection had never existed,

169

*and the secured creditor has only the standing of an unperfected secured creditor under UCC s. 9-301."* 9 R. Anderson, Uniform Commercial Code, sec. 9–403:15 at 540–41 (3d ed. 1985) (emphasis supplied). Thus, the pre-lapse purchaser obtains the property free of the secured interest.[3]

Here, Hanley never filed a continuation statement. Under sec. 409.403(2), its security interest is deemed to have been unperfected as against Riesterer, who became a purchaser before the lapse. Under these circumstances, Hanley's security interest was deemed unperfected when Riesterer purchased the cornhead unit. Consequently, Riesterer took the property free and clear of the previously secured interest and there can be no conversion. Therefore, the trial court correctly dismissed Hanley's complaint for conversion against Riesterer.

We need not decide whether Riesterer also acquired superior rights in the cornhead as a buyer in the ordinary course of business and whether Hanley proved default by the debtor. If our ruling on one ground resolves an issue, we need not address additional arguments that would provide the same relief. *Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938). We would provide Riesterer no greater relief by deciding these additional issues.

*By the Court.*—Judgment affirmed.

---

[3] We do not address the situation where the secured creditor commences a conversion action during the five-year period against a subsequent purchaser, but allows the perfection to lapse while the lawsuit is pending.