STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael J. WHITROCK, Defendant-Appellant.†

Court of Appeals

*No. 89–1371–CR. Submitted on briefs November 14, 1989.—Decided December 19, 1989.*

(Also reported in 452 N.W.2d 156.)

†Petition to review granted.

For defendant-appellant there were briefs by *Glenn L. Cushing,* assistant state public defender.

For plaintiff-respondent there was a brief by *Donald J. Hanaway,* attorney general and *Marguerite M. Moeller,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Michael J. Whitrock appeals a conviction of one count of burglary contrary to sec. 943.10(1)(a), Stats. Whitrock alleges the police search of certain stereo equipment during a criminal trespass arrest was unlawful and the court's failure to suppress the evidence constituted error. Because we find that Whitrock had no reasonable expectation of privacy in either the premises or the personal property searched by the police, we affirm the judgment of conviction.

Chris Whaley had rented an apartment in the city of Eau Claire. The owner of the premises, Paul Woita, evicted Whaley from these premises. Later Woita discovered that other individuals were occupying the apart-

ment. He contacted the police and authorized them to enter the apartment, search for evidence of trespass, and remove the trespassers.

Police officer Don Adams and Woita entered the apartment and found three individuals, including Whitrock, in the apartment. The three individuals were placed under arrest by the officer for trespass and the officer then instituted a search examining items of personal property for proof of trespass. During the course of the search, Adams moved stereo equipment to obtain the serial numbers, which subsequently disclosed that the equipment had been stolen.

During the search, Whitrock denied any of the property in the apartment was his. Whitrock later admitted that he was in possession of the stereo equipment and confessed to being one of the two people who had stolen the equipment.

James Bakeman, one of the individuals in the apartment at the time of the arrest, indicated that he did not understand that Whaley had been evicted and believed she was still living there. Bakeman stated that some of Whaley's possessions remained in the apartment and that he was under the impression that she was going to return. He further stated that Whitrock was a frequent overnight guest but did not have a key to the apartment, nor did he have the right to let people in or out of the apartment. Whitrock had stayed overnight at the apartment on the previous evening, although he resided with his uncle at another address.

It is unclear whether the three individuals in the premises owned by Woita and previously rented by Whaley were trespassers. If Whitrock was unlawfully on the premises he would have no reasonable expectation of privacy in the premises or the items of personal property located therein. *See Rakas v. Illinois,* 439 U.S. 128, 143

n. 12 (1978). Because the record is unclear as to the effect of Whaley's eviction and because Bakeman's status cannot accurately be determined from the record, we will treat Whitrock as a guest on the premises for the purpose of this opinion.

After arresting Whitrock and Bakeman for criminal trespass, the police moved the stereo equipment to obtain serial numbers as evidence of occupancy. Movement of the stereo equipment constituted a search under the fourth amendment. *Arizona v. Hicks,* 107 S.Ct. 1149, 1152 (1987). However, the fourth amendment "does not prohibit the seizure of instrumentalities, fruits, contrabands, and 'mere evidence' of a crime which is discovered in the course of a valid search . . .." *Myers v. State,* 60 Wis. 2d 248, 261, 208 N.W.2d 311, 317 (1973).

The police search of the stereo equipment was legitimate as a search for evidence of trespass. The presence of the stereo was direct evidence of trespass. Because the item under inspection was contraband, the police were justified in seizing the equipment and as a result of the seizure conducting a search for the serial number in order to identify ownership. *See State v. Noll,* 116 Wis. 2d 443, 464, 343 N.W.2d 391, 401 (1984).

The issue raised by these facts is whether Whitrock had a reasonable expectation of privacy in the apartment so as to preclude the police from moving the stereo equipment to obtain the serial numbers. This is a question of law that we review without deference to the trial court's determination. *State v. Fillyaw,* 104 Wis. 2d 700, 711, 312 N.W.2d 795, 801 (1981).

Whitrock was in the apartment as a mere guest who exerted no control or dominion over the premises and

denied any possessory rights to any of the property therein. He had no key, paid no bills, and claimed no ownership or possessory interest in the premises. We conclude that when an individual has no possessory interest in the premises, no obvious association with the property therein, and specifically denies any possessory interest, he has no reasonable expectation of privacy. Any expectation of privacy in the premises under circumstances such as these cannot be deemed one that "society is prepared to recognize as reasonable." *See Fillyaw,* 104 Wis. 2d at 714, 312 N.W.2d at 802 (quoting *Smith v. Maryland,* 442 U.S. 735, 740 (1979)).

Whitrock suggests that *Hicks* guarantees him privacy in the stolen stereo equipment. We disagree. In *Hicks,* the defendant controlled the searched apartment as the legal tenant and claimed ownership of the stereo. Here, Whitrock had no dominion or control over the premises and was present as a guest. Furthermore, Whitrock denied ownership or possession of the stereo equipment. The stereo equipment was subject to a lawful search as evidence of trespass, whereas the stereo in *Hicks* was unrelated to the object of the search. These factors make *Hicks* readily distinguishable and not controlling in the present case.

Both the state and Whitrock wish to cast the issue in this case as whether a thief can have an expectation of privacy in the property he has stolen. We conclude that Whitrock's theft of the stereo is not material to our decision. Because Whitrock had no expectation of privacy in the premises, no apparent connection with the personal property, and specifically denied any ownership or possessory interest, this issue is resolved. Having resolved the issue on other grounds, we need not address the issue of whether a thief can have an expectation of privacy in stolen property. *See Hanley Implement Co.,*

*Inc. v. Riesterer Equip., Inc.,* 150 Wis. 2d 161, 170, 441 N.W.2d 304, 307 (Ct. App. 1989).

*By the Court.*—Judgment affirmed.