Thomas DERSE, Linda Derse, Jennifer L. Derse, Lisa Marie Derse, by their Guardian Ad Litem, Douglas W. Kammer, Plaintiffs-Co-Appellants-Cross Respondents,

STATE of Wisconsin, Plaintiff,

v.

Leonard HODERA and Sue A. Hodera, Defendants-Appellants-Cross Respondents,†

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, Defendant-Respondent-Cross Appellant,

ALLSTATE INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 94–2326. Submitted on briefs July 27, 1995.—Decided August 31, 1995.*

(Also reported in 538 N.W.2d 637.)

†Petition to review denied.

For the defendants-appellants-cross respondents the cause was submitted on the briefs of *Michael J. Hicks* and *John D. Surma* of *Hills & Hicks, S.C.* of Brookfield.

For the defendant-respondent-cross appellant the cause was submitted on the briefs of *Virginia L. Newcomb* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Madison.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

VERGERONT, J. The issue in this case is whether Leonard and Sue Hodera's homeowner's policy excludes from coverage liability for injuries allegedly sustained by Thomas Derse, a state trooper,

when he attempted to remove Sue from her vehicle after she drove it off the highway. The trial court determined that there were disputed issues of fact and denied the summary judgment motions of the Hoderas, the Derses,[1] and Allstate Property and Casualty Insurance Company (Allstate). We conclude that there are no material issues of fact and that Allstate is entitled to summary judgment because its homeowner's policy excludes from coverage liability for the injuries.[2] We therefore reverse the orders of the trial court.

All parties agree that the pertinent facts are not disputed. Sue Hodera drove her vehicle off the highway and into a gully near Montello, Wisconsin. Bystanders summoned police and several officers arrived, including Derse. When the officers asked Hodera to leave her vehicle, she refused. Derse told Hodera she was under arrest and ordered her to get out of the car. Hodera stated she was not getting out of the car and grabbed the steering wheel with both hands. Derse attempted to physically remove Hodera from the vehicle and, according to his testimony when deposed, he injured his back in the process.

The Hoderas were the insureds under two policies issued by Allstate—an automobile liability policy with limits of $250,000, and a homeowner's liability policy with limits of $100,000. The automobile policy provides coverage for liability for bodily injury "arising out of the

---

[1] Thomas Derse's wife and daughters are also plaintiffs, presenting derivative claims.

[2] We granted the Hoderas leave to appeal the trial court's nonfinal order denying their motion for summary judgment. Allstate had no objection to the Hoderas' petition for leave to appeal. Allstate filed a cross-appeal. We granted the Derses' request to be named as appellants in the appeal and as cross-respondents in Allstate's cross-appeal.

ownership, maintenance or use, loading or unloading of the auto we insure." The homeowner's policy covers "all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy." The homeowner's policy excludes from coverage liability for: "bodily injury or property damage arising out of the ownership. maintenance, use, occupancy, renting, loaning, er trusting, loading or unloading of any motorized land ve aicle."

The Derses moved for summary judgment that both policies provide coverage for Hodera's liability to the Derses such that the total coverage was $350,000. The Hoderas moved for summary judgment that the homeowner's policy provides coverage. The trial court denied both motions on the ground that there were disputed issues of material fact. Allstate filed a cross-motion for summary judgment. It argued that the automobile policy provides coverage but the homeowner's policy does not. The trial court denied Allstate's motion, at the same time denying the Hoderas' motion for reconsideration of the denial of their summary judgment motion.

■■■■

Summary judgment must be granted to a party if there are no genuine issues as to any material fact and the party is entitled to judgment as a matter of law. Section 802.08(2), STATS. We review a grant of summary judgment de novo by applying the same standards employed by the trial court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We agree with the parties that the trial court erred in deciding that there were disputed issues of material fact. We therefore proceed to determine which party is entitled to judgment as a matter of law.

This determination involves an interpretation of an insurance contract, a question of law that we decide de novo. *Katze v. Randolph & Scott Mut. Fire Ins. Co.*, 116 Wis. 2d 206, 212, 341 N.W.2d 689, 691 (1984).

The Hoderas[3] argue that there are two concurrent causes to Derse's alleged injuries—Sue Hodera's driving the vehicle off the road, which arises from the use of her automobile, and her resistance to being removed from the car, which does not arise from her use of the automobile. According to the Hoderas, when there are two concurrent causes, one auto-related and one non-auto-related, coverage exists under both the automobile policy and the homeowner's policy, and coverage is not excluded under the homeowner's policy simply because one concurrent cause is auto-related. Allstate responds that Hodera's resistance to being removed from her automobile and her hanging onto the steering wheel to prevent removal involves both the use and the unloading of her automobile, thereby precluding coverage under the homeowner's policy.

Under the concurrent proximate cause doctrine, if an injury is caused both by an act of negligence that is excluded under a policy and by an act of negligence that is covered under a policy, the insurer is not excused from its obligation. *Kraemer Bros., Inc. v. United States Fire Ins. Co.*, 89 Wis. 2d 555, 570, 278 N.W.2d 857, 863-64 (1979); *Lawver v. Boling*, 71 Wis. 2d 408, 422, 238 N.W.2d 514, 522 (1976). In *Lawver*, there was a question of fact as to whether the injuries were caused by negligence in the operation of the truck or negligence in the choice of materials and construction of the rigging pulled by the truck, or both. *Lawver*, 71 Wis. 2d at 422,

---

[3] The Derses did not submit a brief, relying instead on the briefs of the Hoderas.

238 N.W.2d at 521-22. The court concluded that the former risk was excluded under the farmowner's policy while the latter risk was covered. *Id.* The court reversed the trial court's grant of summary judgment because, even if the injuries were caused in part by the excluded risk, there would be coverage under the farmowner's policy unless the injuries were caused in no part by the covered risk. *Id.* The purpose of this doctrine is to prevent an insurer from being excused from a risk for which it provided coverage and collected a premium. *Id.*

We agree with Allstate that the concurrent proximate cause doctrine does not aid the resolution of this appeal. Even if driving the vehicle into the gully can be considered one of two causes of Derse's injuries, the question remains whether the other cause—Sue Hodera's refusal to leave the vehicle when ordered and holding onto the steering wheel to resist removal—relates to use or unloading of the vehicle. If it does, the injuries were not caused even in part by a risk covered under the homeowner's policy.

We conclude that when Hodera refused to get out of her car and held onto the steering wheel to resist removal by Derse, she was using her automobile within the meaning of the homeowner's exclusion. We do not agree with the Hoderas that her act of resisting arrest was independent of the vehicle. After the vehicle which she had been driving came to a stop, she remained sitting in the vehicle. She refused to leave when ordered, thus causing Derse to attempt to remove her physically. In order to resist removal, she held onto the steering wheel.

■

It is true, as the Hoderas claim, that had Sue not been in the vehicle, she could have resisted arrest in

other ways that did not involve use of the vehicle. But the point is that she was in the vehicle and the particular manner in which she resisted arrest was to refuse to leave the vehicle and to hang onto the steering wheel. These acts were not independent of the vehicle, as were the acts in the cases on which the Hoderas rely. In *Snouffer v. Williams*, 106 Wis. 2d 225, 316 N.W.2d 141 (Ct. App. 1982), the act of vandalism that caused a property owner to shoot a passenger was performed by other occupants of the vehicle after they left the vehicle. *Id.* at 226-27, 316 N.W.2d at 142. In *Tomlin v. State Farm Mut. Auto. Liab. Ins. Co.*, 95 Wis. 2d 215, 290 N.W.2d 285 (1980), the act causing injury was the stabbing of a state trooper by the occupant of a vehicle. *Id.* at 217, 290 N.W.2d at 287. The manner in which Hodera resisted arrest cannot be separated from the vehicle in the way that the injurious acts in these cases can be.

We recognize that under *Lawver*, there may be coverage under both an automobile policy and a homeowner's policy because we give a broader construction to provisions of coverage than provisions of exclusion. *Lawver*, 71 Wis. 2d at 423, 238 N.W.2d at 522. However, we are satisfied that under the appropriately narrow construction of "use of an automobile" in the context of the Allstate homeowner's policy exclusion, Hodera's acts in refusing to leave her vehicle and in grabbing onto the steering wheel to prevent removal constitute use of her vehicle.[4] The Hoderas' homeowner's policy therefore does not provide coverage for any liability they may have for injuries to Derse or his family.

---

[4] Because of this conclusion, we do not decide whether Derse's alleged injuries arose from the unloading of the vehicle.

*By the Court.*—Orders reversed.