Craig Pech, Plaintiff,
Erie Insurance Exchange, Intervening Plaintiff-Respondent,
v.
Terri Racine, Defendant-Appellant,
ABC Insurance Company, Defendant.
No. 04-0317.
Court of Appeals of Wisconsin.
Opinion Filed: October 12, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Terri Racine appeals a judgment declaring that Erie Insurance Exchange has no duty under Racine's homeowner's insurance policy to defend or indemnify her against personal injury claims alleged by Craig Pech. Racine argues that the trial court misinterpreted a policy exclusion to deny coverage. We agree. Therefore, we reverse the judgment and remand for further proceedings.
¶2 Pech filed a complaint alleging the following facts. Pech was a licensed home inspector who was hired to inspect a house that Racine owned on Crooks Avenue. Pech discovered various defects that he disclosed to prospective buyers in his inspection report. After the sale of the home closed, Racine, who was displeased with his report, wrote a letter of complaint to Pech's employer pointing out a number of errors in Pech's report, and sent copies to several others, including the Wisconsin Department of Licensing and Regulation.
¶3 Pech brought this action against Racine, alleging defamation, intentional and negligent infliction of emotional distress, and interference with contract/business relationship. He claimed that Racine's actions "caused injury," that he "suffered severe emotional injury," caused him "to relinquish the home inspection business," that he suffered "emotional distress," "out of pocket expenses" and damages.
¶4 Racine owned a homeowner's policy Erie Insurance issued for the house in which she resided. It is undisputed that she had not resided at the Crooks Avenue property and, therefore, it was not insured under her homeowner's policy. Erie Insurance intervened in the action and filed a motion for judgment seeking a declaration that no coverage existed for Racine under her homeowner's policy for the allegations contained in Pech's complaint.[1] The court agreed with Erie Insurance that Racine's homeowner's policy provided no coverage for the claims alleged in Pech's complaint. Racine appeals the judgment.
¶5 Racine argues that the trial court erroneously determined that Erie Insurance has no duty under her homeowner's insurance policy to defend or indemnify her against personal injury claims that Pech alleged. She claims that the trial court misinterpreted a policy exclusion. We agree.
¶6 An insurer's duty to defend its insured is determined by comparing the allegations of the complaint to the terms of the insurance policy. Fireman's Fund Ins. Co. v. Bradley Corp., 2003 WI 33, ¶19, 261 Wis. 2d 4, 660 N.W.2d 666. This determination focuses on the nature of the claim rather than the claim's merits. Grieb v. Citizens Cas. Co., 33 Wis. 2d 552, 558, 148 N.W.2d 103 (1967). The insurer's duty arises when the allegations of the complaint coincide with the coverage provided in the policy. Smith v. Katz, 226 Wis. 2d 798, 806, 595 N.W.2d 345 (1999). Initially, we examine the facts of the insured's claim to determine whether the policy grants coverage. American Family Mut. Ins. Co. v. American Girl, Inc., 2004 WI 2, ¶24, 268 Wis. 2d 16, 673 N.W.2d 65. If so, we next examine various exclusions to see whether any preclude coverage of the claim. Id. "Exclusions are narrowly or strictly construed against the insurer if their effect is uncertain." Id. The duty to defend is broader than the duty to indemnify because the duty to defend is triggered by arguable rather than actual coverage. Bruner v. Heritage Cos., 225 Wis. 2d 728, 735, 593 N.W.2d 814 (Ct. App. 1999).
¶7 The interpretation of an insurance policy presents a question of law we review independently, owing no deference to the trial court's decision. Hull v. State Farm Mut. Auto. Ins. Co., 222 Wis. 2d 627, 636, 586 N.W.2d 863 (1998). When the policy language is unambiguous, we apply the plain and ordinary meaning of its terms. Id.
¶8 Here, there is no claim of ambiguity and we turn to the plain language of Racine's homeowner's policy. The policy's definitions provide that "bodily injury" includes "mental anguish." It also states: "`personal injury' means injury arising out of: 1. libel, slander or defamation of character."
¶9 The policy divides coverage into two sections. "Section I" is entitled "Property Protection" and states that "This policy applies to property losses as designated in the specific coverage and at the location(s) insured under this policy." In "Section II," entitled "Home and Family Liability Protection," the policy provides: "This policy applies to bodily injury, property damage and personal injury losses occurring anywhere in the world." In Section II, the policy states that "Personal Liability Coverage includes Bodily Injury Liability Coverage, Property Damage Liability Coverage and Personal Injury Liability Coverage." Under the title of personal injury liability coverage, the policy states: "We will pay all sums up to the amount shown on the Declarations which anyone we protect becomes legally obligated to pay as damages, because of personal injury caused by an offense committed during the policy period. We will pay for only personal injury covered by this policy."
¶10 Erie Insurance does not seriously dispute Racine's contention that an examination of the complaint and insurance policy reveals that the policy may provide an initial grant of coverage against Racine's potential liability for the defamation and negligence claims that Pech alleged. Instead, Erie Insurance relies on the following exclusion to deny coverage and a duty to defend:
We do not cover under Bodily Injury Liability Coverage, Property Damage Liability Coverage, Personal Injury Liability Coverage and Medical Payments To Others Coverage:
....
5. Bodily injury, property damage, or personal injury arising out of any premises owned by or rented to anyone we protect which is not an insured location. This exclusion does not apply to bodily injury or personal injury to a residence employee arising out of and in the course of employment by anyone we protect.
¶11 Erie Insurance argues that because Pech's defamation and other claims arose out of his inspection report regarding the Crooks Avenue property, the trial court correctly determined that this exclusion applies. There is no dispute that Racine's homeowner's policy did not insure the Crooks Avenue house and that it is not, therefore, an "insured location" within the meaning of the policy. Erie Insurance claims that because the allegations of the complaint "arise out of" a premise that is not an "insured location," Erie owes no duty to defend or indemnify Racine against Pech's complaint. We are unpersuaded.
¶12 Based on the allegations of the complaint, we must conclude that Pech's claims arose not out of any condition of the uninsured premises, but from Racine's personal conduct. The case of Newhouse v. Laidig, Inc., 145 Wis. 2d 236, 426 N.W.2d 88 (Ct. App. 1988), involving a similar policy exclusion, is instructive. In that case, a child left in the care of an uncle was injured by a piece of farm machinery. The child brought suit against the uncle for negligence. Id. at 238.
¶13 The accident did not occur at the farm where the uncle lived. The uncle, however, was insured for personal liability through a homeowner's policy covering his place of residence. Id. The policy provided personal liability coverage obligating the insurer to pay all sums the insured became legally obligated to pay as damages for bodily injury. The policy also contained an exclusion that denied coverage for bodily injury "arising out of any premises owned or rented to an insured which is not an insured location." Id. at 239. Because the accident occurred on premises other than the insured's residence, the insurer relied on the policy exclusion.
¶14 In Newhouse, we concluded that the exclusion did not apply and that the homeowners' policy provided personal liability coverage for the insured wherever he may be, based upon the following reasoning:
The personal liability insured against is of two kinds: first, that liability which may be incurred because of the condition of the premises insured; secondly, that liability incurred by the insured personally because of his tortious personal conduct, not otherwise excluded, which may occur at any place on or off the insured premises. ... The company has not chosen to geographically limit the coverage provided for tortious personal conduct of the insured. If it had so intended, it could simply have provided that the exclusion ran to an accident "occurring on" other owned premises. There appears to be little reason to exclude personal tortious conduct occurring on owned but uninsured land, as little correlation exists between such conduct and the land itself.
Id. at 239-40 (citation omitted).
¶15 The rationale in Newhouse applies here. Although the phrase, "arising out of," is broad, general and comprehensive, it is not without limitation. Id. at 240-41. "The dispositive issue therefore is whether there is some correlation between the negligence giving rise to liability and a condition of the premises." Id. at 240. As indicated, Pech's claimed injuries arose not from any condition of the Crooks Avenue house, but rather from Racine's allegedly tortious conduct. Racine's conduct was entirely independent of the condition of the Crooks Avenue property. Consequently, the exclusion does not apply.
¶16 Next, Erie Insurance alternatively argues that while certain of Pech's claims fall within the policy coverage, other claims, such as interference with contract or intentional infliction of emotional distress, do not. Erie Insurance contends, therefore, that we should delineate the extent of coverage and accordingly limit the scope of its duty to defend. Erie Insurance does not, however, provide legal authority to support its position.
¶17 Case law holds that if the complaint states different claims or theories of recovery against an insured, one of which is within the policy coverage and others that may not be, an insurer's duty to defend its insured arises when any part of the claim against the insured is arguably within the scope afforded by the policy. See United States Fire Ins. Co. v. Good Humor Corp., 173 Wis. 2d 804, 824-25, 496 N.W.2d 730 (Ct. App. 1993) ("If some coverage exists, the insurer must defend the entire action, even though certain allegations may fall outside the scope of coverage."). Erie fails to provide legal authority to the contrary. Therefore, its argument is rejected.
¶18 Racine's homeowner's policy provides personal liability coverage for claims arising out of her tortious conduct "anywhere in the world." Under the policy terms, "there is floating coverage of the insured's tortious personal acts wherever he [or she] might be." Newhouse, 145 Wis. 2d at 240. Because Pech's claimed injuries arose not from any condition of the Crooks Avenue house, but rather from Racine's personal conduct, the exclusion does not apply.[2]
By the Court.  Judgment reversed and cause remanded.
NOTES
[1] Erie Insurance also sought a declaration that no coverage existed under a landlord policy for the property on Crooks Avenue because it was terminated. The court granted that motion, and Racine does not challenge the court's determination as to the landlord policy.
[2] Although the record indicates that at the trial level, the parties discussed the issue of waiver of certain claims and defenses, neither party raises the issue of waiver on appeal.