ANTHONY GAGLIANO & CO., INC.

v.

OPENFIRST, LLC

Supreme Court

*No. 2012AP122.—Decided December 26, 2014.*

2015 WI 13

(Also reported in 860 N.W.2d 855.)

**To:**

Michael D. Huitink
Michael B. Apfeld
Godfrey & Kahn, S.C.
1780 North Water Street
Milwaukee, WI 53202–3590

James Buchen
Wisconsin Manufacturers
& Commerce
10 E. Doty St., Ste. 500
Madison, WI 53703

Beth Kushner
Thomas Armstrong
von Briesen & Roper, S.C.
411 E. Wisconsin Avenue,
Suite 1000
Milwaukee, WI 53202–4427

Thomas D. Larson
Wisconsin REALTORS
Association
4801 Forest Run Rd. Ste.
201
Madison, WI 53704–7337
RWK Enterprises, Inc.
1479 E. Lilac Lane
Fox Point, WI 53217

Lisa M. Lawless
Ann M. Maher
Whyte Hirschboeck Dudek,
S.C.
555 E. Wells St., Ste. 1900
Milwaukee, WI 53202–3819

John E. Machulak
Machulak, Robertson
& Sodos, S.C.
1733 N. Farwell Ave.
Milwaukee, WI 53202

You are hereby notified that the Court has entered the following order:

The court having considered the motion for reconsideration filed in the above matter, IT IS ORDERED that the motion for reconsideration is denied, with $50 costs.

Justice David T. Prosser, Jr. concurs; Chief Justice Shirley S. Abrahamson and Justice Ann Walsh Bradley join (concurrence attached).

2

¶ 1. DAVID T. PROSSER, J. (*concurring*). Most motions for reconsideration are denied. The court has established strict standards for reconsideration[1] and they are seldom met. A motion for this court to rehear a case is almost never granted.

¶ 2. Occasionally, however, the court responds to a motion for reconsideration by making a correction or minor adjustment to its opinion or clarifying language in the opinion. This is appropriate. Some response appears necessary when the court recognizes that the motion for reconsideration makes a legitimate point.

¶ 3. In this case, I concur in the court's decision to deny the motion for reconsideration. In my view, the case was correctly decided. Nonetheless, I would alter the mandate to remand the case to the court of appeals for consideration of Gagliano's alter ego claim, which neither party brought to this court.

I

¶ 4. Quad filed a very short response to Gagliano's motion for reconsideration, stating that it did not dispute Gagliano's description of Quad's position on the status of the alter ego claim, namely that the issue

---

[1] The Wisconsin Supreme Court's Internal Operating Procedures, printed in volume 6 of the Wisconsin Statutes, explains the procedures of reconsideration relevant to the instant case as follows:

> II. J. RECONSIDERATION. . . . Reconsideration, in the sense of a rehearing of the case, is seldom granted. A change of decision on reconsideration will ensue only when the court has overlooked controlling legal precedent or important policy considerations or has overlooked or misconstrued a controlling or significant fact appearing in the record.

would have to be decided by the court of appeals.[2] Indeed, the history of the proceedings reveals that both Gagliano and Quad expected the case to be remanded for consideration of the alter ego claim if Quad prevailed in this court.

¶ 5. The opinion remands the case to the circuit court "for dismissal of all claims against Quad/Graphics."[3] It should not.

¶ 6. The proceedings at the circuit court, court of appeals and this court support Gagliano's motion for remand to the court of appeals.

## II

¶ 7. At trial, Gagliano advanced multiple theories to support its assertion that Quad was liable for the remainder of several commercial leases, e.g., that Quad was an assignee (not sublessee) of the leases and also that Quad was an alter ego of New EPS. The circuit court disagreed with Gagliano's characterization and dismissed Quad from the case on a motion for summary judgment, stating, *in part,* "I'll grant the motion to Quad/Graphics finding that it is not an alter ego under the circumstances of this case."

---

[2] Quad responded to Gagliano's motion for reconsideration as follows:

> Quad does not dispute Gagliano's characterization of Quad's statement about the status of Gagliano's "alter ego" claim. Quad believes this Court is in the best position to interpret what should and should not have been raised in this matter, as well as the standards for reconsideration, and will abide by the Court's application of these standards.

[3] The facts of this case are complex, but a factual dispute is not the basis of Gagliano's motion for reconsideration. This writing therefore focuses primarily on the facts relevant to the motion before the court.

¶ 8. Gagliano appealed both the assignee/ sublessee question and the alter ego issue. The court of appeals reversed the judgment of the circuit court, holding that because Quad had assumed the benefit of the leases, it also assumed responsibility for them. *Anthony Gagliano & Co. v. Openfirst, LLC (Gagliano I)*, 2013 WI App 19, 346 Wis. 2d 47, 828 N.W.2d 268. Because the court of appeals found in favor of Gagliano on those grounds, it did not reach the alter ego issue. *Id.*, ¶ 37.

¶ 9. Quad petitioned this court for review. Quad's petition alluded to the fact that the court of appeals did not address the alter ego claim but did not identify it as an issue for this court to address.

¶ 10. Gagliano's response to Quad's petition for review also alluded to the alter ego claim but did not assert it as an issue needing resolution before this court, as Gagliano was seeking affirmance of the court of appeals' decision.

¶ 11. This court granted review, instructing the parties not to raise any issues not included in the petitions for review or cross-review filed in this court.

¶ 12. In its briefs to this court, Quad asked, as it was making its main argument, that this court remand the case to the court of appeals for consideration of the alter ego claim. According to Quad: "The circuit court held only that Gagliano had waived its right to bring [an alter ego] claim, a ruling the court of appeals never addressed and *which will have to be considered on remand.*" (Emphasis added.) In concluding its first brief, Quad's request for relief stated: "This court should reverse the decision of the court of appeals . . .

and *remand for further consideration of Gagliano's 'alter ego' claim.*" (Emphasis added.)[4]

¶ 13. This court held that Quad was a subtenant of the lessee, not an assignee—exactly what Quad desired—but the court "remand[ed the case] to the circuit court for dismissal of all claims against Quad/Graphics." *Anthony Gagliano & Co. v. Openfirst, LLC (Gagliano II),* 2014 WI 65, ¶ 3, 355 Wis. 2d 258, 850 N.W.2d 845 (footnote omitted).

¶ 14. Gagliano has now moved this court to reconsider its decision to remand to the circuit court for dismissal of all claims against Quad. Gagliano requests, instead, that this court remand the matter to the court of appeals for a determination on the alter ego claim.

¶ 15. In my view, Gagliano should not lose its ability to pursue its alter ego claim in the court of appeals. It properly followed this court's order in granting review and avoided raising the claim as an issue before this court.

¶ 16. The opinion's explanation for remanding to the circuit court for dismissal of all claims against Quad is that Gagliano "abandoned" its alter ego argument by not arguing it before this court. In an explanatory footnote, *id.* n.3, the opinion states:

---

[4] Counsel for Quad maintained this position during oral argument, stating that if Quad were held to be a subtenant as a matter of law, all claims against it should be dismissed except for the alter ego claim, which would have to be handled by the court of appeals on remand unless this court ordered briefing on the issue. This exchange with the court happened during rebuttal, and is available online at http://www.wiseye.org/videoplayer/vp.html?sid=10861. The relevant portion begins at about 1:31:30 of the recording.

On a motion for summary judgment, the circuit court found Quad/Graphics was "not an alter ego under the circumstances of this case." While Gagliano argued for reversal of that determination to the court of appeals, it makes no such argument in this review. We therefore deem that argument abandoned, requiring no further consideration. *See Gister v. Am. Family Mut. Ins. Co.,* 2012 WI 86, ¶ 37 n.19, 342 Wis. 2d 496, 818 N.W.2d 880.

¶ 17. In *Gister,* the issue this court deemed abandoned was previously reached and addressed by the court of appeals. *Id.,* ¶ 6.

¶ 18. *Gister* cited *State v. Young,* 2009 WI App 22, ¶ 15 n.6, 316 Wis. 2d 114, 762 N.W.2d 736. *Young,* however, involved a claim argued in the circuit court that was not appealed. *See id.,* ¶ 15 n.6 ("On appeal, Young has abandoned the second argument he raised in his motion to suppress, that he was under the influence of drugs and alcohol during police questioning. Consequently, we will not address it.").

¶ 19. Neither *Gister* nor *Young* held that an argument appealed to but not addressed by the court of appeals is abandoned if not raised by the respondent in this court.

## III

¶ 20. The holding in the instant case departs from this court's usual practice in similar situations.

¶ 21. One week after this court announced its decision in *Gagliano II,* it announced its decision in *State v. Sarfraz,* 2014 WI 78, 356 Wis. 2d 460, 851 N.W.2d 235. In *Sarfraz,* this court reviewed a court of appeals ruling that held that the circuit court erred by excluding evidence Sarfraz wished to introduce. Sar-

fraz had also made a claim of ineffective assistance of counsel to the court of appeals, but the court of appeals did not reach that argument because it held for Sarfraz on other grounds. *Id.,* ¶¶ 3, 33, 57.

¶ 22. This court reversed the court of appeals and remanded the case for consideration of Sarfraz's ineffective assistance of counsel claim. *Id.* Although Sarfraz did not argue ineffective assistance of counsel before this court, this court did not consider that argument to be "abandoned."

¶ 23. This court's typical practice of remanding for consideration of issues not reached by the court of appeals is not limited to criminal cases, but extends to civil cases as well. *See, e.g., MBS-Certified Pub. Accountants, LLC v. Wis. Bell, Inc.,* 2012 WI 15, 338 Wis. 2d 647, 809 N.W.2d 857; *N. Air Servs., Inc. v. Link,* 2011 WI 75, 336 Wis. 2d 1, 804 N.W.2d 458; *Wickenhauser v. Lehtinen,* 2007 WI 82, 302 Wis. 2d 41, 734 N.W.2d 855; *Jackson Cnty. v. DNR,* 2006 WI 96, 293 Wis. 2d 497, 717 N.W.2d 713; *Wischer v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 WI 26, 279 Wis. 2d 4, 694 N.W.2d 320; *Tammie J.C. v. Robert T.R.,* 2003 WI 61, 262 Wis. 2d 217, 662 N.W.2d 734; *Shirk v. Bowling, Inc.,* 2001 WI 36, 242 Wis. 2d 153, 624 N.W.2d 375; *City of Madison v. WERC,* 2000 WI 39, 234 Wis. 2d 550, 610 N.W.2d 94.[5]

¶ 24. It was reasonable for Gagliano—as respondent—not to brief and argue an issue that the court of appeals did not reach when deciding in its favor. As the State Bar of Wisconsin's guide to Appellate Practice and Procedure in Wisconsin notes:

[5] The issues raised by this motion for reconsideration are reminiscent of the question of when a party must file a cross-petition for review to bring a matter to this court. *See* Rule Petition 04–08 creating Wis. Stat. (Rule) § 809.62.

> It has long been recognized that an appellate court need not consider all issues on appeal if the disposition of one issue resolves the entire matter. . . . If the supreme court reversed the court of appeals in such a situation, the usual practice was to remand to the court of appeals for disposition of the issues not resolved, rather than address those issues.

Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* § 23.2 (6th ed. 2014) (citing *Hanley Implement Co. v. Riesterer Equip., Inc.,* 150 Wis. 2d 161, 170, 441 N.W.2d 304 (Ct. App. 1989)).[6]

¶ 25. To require a party that prevailed in the court of appeals to raise and argue in this court an issue not decided by that court would be a significant deviation from the manner in which this court has historically decided cases.

¶ 26. The respondent would be compelled—for fear of malpractice—to raise issues not decided by the court of appeals, even though raising those issues would make the case more complicated (leading to a lack of focus), might undermine the basis upon which the respondent prevailed in the court of appeals, add to the cost of litigation for both parties, and be pointless whenever the respondent's victory was affirmed on the same ground in this court.[7] This court has little appetite to decide issues that do not have to be decided.

---

[6] The Guide does note that this court is not limited in what it can decide to the issues raised by the parties.

[7] These problems would begin with the response to the petition for review—respondents would have to argue both that the court should not consider the case *and* that it should consider additional issues—and remain present throughout the litigation before this court.

¶ 27. As a practical matter, this court should change the mandate in this case in order to avoid confusion as to what issues parties must argue before this court and to limit the number of issues this court must address. Surely, this involves both legal precedent and "important policy considerations," which are often central in persuasive motions for reconsideration.

¶ 28. Because of the court's decision to deny the motion, litigants will be left without guidance on what issues they *must* argue before this court. The court has simply not provided any explanation of its action or guidance for the future. This, too, is an important policy consideration.

¶ 29. The opinion, holding, and explanatory footnote do not indicate what a party must do to ensure that this court will not consider an issue not addressed by the court of appeals to be "abandoned" by the respondent if not raised in this court. This court should not have to hear argument on all issues not reached by the court of appeals in cases it reviews. If, as a result of this case, the procedure is to be otherwise, *everyone involved is entitled to know precisely what this court expects.*

¶ 30. In sum, the mandate in this case seems to have surprised—even blindsided—both Gagliano and Quad. It also raises the specter of confusion about which issues respondents must argue before this court to preserve appellate review. These important policy considerations warrant attention. This court should alter its mandate to remand the case to the court of appeals for consideration of Gagliano's argument that it did not waive its "alter ego" claim.

¶ 31. For the reasons set forth, I write separately disagreeing with the court's refusal to remand the case

to the court of appeals for the limited purpose of considering Gagliano's alter ego claim.

¶ 32. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON and Justice ANN WALSH BRADLEY join this concurrence.